UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

TRUSTEES OF LABORERS' INTERNATIONAL
UNION OF NORTH AMERICA LOCAL NO. 17
HEALTH BENEFITS FUND, PENSION FUND,
TRAINING/EDUCATIONAL FUND, LABORERS-
EMPLOYERS COOPERATION AND EDUCATIONAL
TRUST FUND, SAVINGS FUND, INDUSTRY
ADVANCEMENT FUND, LOCAL NO. 17 POLITICAL
LEAGUE AND POLITICAL ACTION COMMITTEE, and
LABORERS' INTERNATIONAL UNION OF NORTH
AMERICA LOCAL NO. 17,



                                             Plaintiffs,

   -against-

ULTIMATE LAND DEVELOPERS OF THE HUDSON,
VALLEY, INC., MICHAEL WOLF and ZEV WOLF,

                                             Defendants.
_____X

      Plaintiffs, by their attorneys Rider, Weiner & Frankel, P.C., as and for their complaint, allege
as follows:

<u>Nature of the Action, Jurisdiction and Venue</u>

    1.    Plaintiffs bring this action pursuant to ERISA, 29 U.S.C. §§1132 and 1145 and the
parties' collective bargaining agreement to recover against defendants judgment for unpaid benefits
contributions and wage supplements together with statutory liquidated damages, interest, and
attorneys fees and costs.

    2.    Jurisdiction of this Court is based upon 28 U.S.C. §§ 1132 and 1331; and 29 U.S.C. §
185. Plaintiff Funds are administered in Orange County, New York, within the Southern District of
New York.

    3.    The claims herein arose in Orange County, New York, within the Southern District of
New York.

## The Parties

4.     The Laborers' International Union of North America Local No. 17 Health Benefits Fund, Pension Fund, Training/Educational Fund, Laborers-Employers Cooperation and Educational Trust Fund, Savings Fund, and Industry Advancement Fund ("the Funds") are "employee benefit plans" and "multi-employer plans" within the meaning of Sections 3(3) and (37) of ERISA, 29 U.S.C. §§1002(3) and (37).   Said Funds are jointly administered labor-management trust funds established under Section 302 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §186, and are administered at the Funds' principal office at 451B Little Britain Road, Newburgh, New York. The plaintiff trustees of said Funds are duly authorized to bring this action on behalf of all parties.

5.     Laborers' International Union of North America Local No. 17 Political League is a federally registered political action committee, having an office at 451A Little Britain Road, Newburgh, New York. The Laborers' International Union of North America Local No. 17 Political Action Committee is a state registered political committee, having an office at 451A Little Britain Road, Newburgh, New York.

6.     Laborers' International Union of North America Local No. 17 ("Local 17") is an "employee organization" within the meaning of Section 3 (4) of ERISA, 29 U.S.C. §1002(4), and a "labor organization" within the meaning of Section 501(3) of LMRA, 29 U.S.C. §142(3), and Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5).   At all relevant times, Local 17 was and is the exclusive bargaining representative of a bargaining unit of certain employees of defendant.

7.     The defendant Ultimate Land Developers of the Hudson Valley, Inc. ("Ultimate") is, upon information and belief, a corporation authorized to conduct business under the laws of the State

2

of New York, with a principal place of business at 104 Van Amburgh Road, Montgomery, Orange

County, New York 12549. The defendant Ultimate is and was an "employer" within the meaning of

§3(5) of ERISA, 29 U.S.C. §1002(5); LMRA §501(3), 29 U.S.C. §142(3); and NLRA §2(2), 29

U.S.C. §152(2) and is and was bound to a written collective bargaining agreement with Local 17 for

the period June 1, 2007 to-date, pursuant to which defendant Ultimate agreed to make timely

payments of benefits contributions and wage supplements to plaintiffs on behalf of all persons

employed by defendant performing work within the trade and geographical jurisdiction of Local 17.

        8.      Defendant Michael Wolf, upon information and belief, is the purported president and

a shareholder, officer, and/or director of defendant Ultimate. Defendant Michael Wolf executed said

collective bargaining agreement as an officer of Ultimate.  Wolf conducts business at Ultimate's

address of 104 Van Amburgh Road, Montgomery, Orange County, New York and/or resides at the

same address, and is a resident of Orange County, New York.

        9.      Defendant Zev Wolf, upon information and belief, is or was at all relevant times

herein a shareholder, officer and/or director of defendant Ultimate and otherwise exercised, along

with his son Michael Wolf, decision-making authority over the business, financial affairs, and assets

of Ultimate. Defendant Zev Wolf resides at 1861 Little Britain Road, Rock Tavern, Orange County,

New York, and is a resident of Orange County, New York.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT ULTIMATE
### FOR UNPAID CONTRIBUTIONS AND WAGE SUPPLEMENTS

        10.     The plaintiffs repeat and reallege the allegations contained in Paragraphs "1" through

"9" as though set forth fully herein.

        11.     During the period commencing June 1, 2007 through December 31, 2007 and beyond,

defendant Ultimate employed at least four laborers who were members of plaintiff Local 17, and an

additional number of laborers who were not plaintiff Local 17 members whom defendant has refused

3

to identify, on construction projects in and around Orange County, New York within plaintiff Local 17's jurisdiction, including the Millenium Pipeline Project.

12.     Defendant Ultimate, despite repeated demand, has failed or refused to pay the benefits contributions and wage supplements owed to plaintiffs on behalf of said Local 17 members and other laborers employed by defendant Ultimate to perform work covered by the collective bargaining agreement.

13.     Defendant Ultimate's refusal to pay the benefits contributions and wage supplements due and owing, despite repeated demand, constitutes a breach of its collective bargaining agreement and a violation of ERISA 29 U.S.C. §1132 and §1145, for which defendant Ultimate is liable to plaintiffs in an estimated principal amount no less than $46,880.90 as to the plaintiff Local 17 members, and an estimated amount of $25,000 as to the non-member workers, together with liquidated damages, interest, attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2) and the collective bargaining agreement.

14.     Pursuant to the collective bargaining agreement, and §502(g) of ERISA, 29 U.S.C. §1132(g), defendant Ultimate is liable for interest at the rate of one percent over the prime rate per annum, which for the period in question has averaged six percent, resulting in an amount no less than $4,312.85 as of this date.

15.     Pursuant to the collective bargaining agreement and §502(g) of ERISA, 29 U.S.C. §1132(g), defendant Ultimate is liable for the plaintiffs' attorneys fees and costs, and audit expenses incurred in attempting to collect said unpaid contributions and in bringing this action, in an amount to be determined but is no event less than $4,000 as of the date of this complaint.

4

16.     Defendant Ultimate is further liable, pursuant to §502(g) of ERISA, 29 U.S.C. §1132(g), for liquidated damages in an amount equal to the interest amount assessed upon the unpaid contributions and wage supplements, resulting in an amount no less than $4,312.85 as of this date.

17.     As a result thereof, defendant Ultimate is liable to the plaintiffs in an amount no less than $84,506.61 as of this date; and such additional amounts as may be determined at trial.

SECOND CLAIM FOR RELIEF AGAINST DEFENDANT ULTIMATE
TO COMPEL AN AUDIT AND ACCOUNTING

18.     Plaintiffs repeat and reallege their allegations in paragraphs "1" through "17" above as though set forth fully herein.

19.     Pursuant to Article 34 of the collective bargaining agreement, defendant Ultimate is required, inter alia, to file employer contribution reports with plaintiff Funds, and is required to produce its books and records to enable plaintiff Funds to conduct an audit of defendant to ascertain the amount of fringe benefit contributions due plaintiff Funds.

20.     Despite due demand, defendants have refused to produce their books and records and have otherwise refused to provide any accounting, thereby breaching the agreement.

21.     Accordingly, plaintiffs request an order directing defendant Ultimate to (a) furnish all corporation books and records of defendant Ultimate for all projects undertaken within the geographical and trade jurisdiction of plaintiffs for the period June 1, 2007 to-date, and (b) account for all labor hours expended and payroll liabilities incurred within the geographical and trade jurisdiction of plaintiffs for the period June 1, 2007 to-date.

5

THIRD CLAIM FOR RELIEF AGAINST DEFENDANT ULTIMATE
MICHAEL WOLF, AND ZEV WOLF FOR TRUST FUND DIVERSION

22.     Plaintiffs repeat and reallege their allegations in paragraphs "1" through "21" above as though set forth fully herein.

23.     Pursuant to Article 3-A of the Lien Law, Sections 72 and 77, the funds received or to be received by defendant Ultimate for work performed by Local 17 members and for which benefit contributions and wage supplements are due and owing to the plaintiffs constitute a trust fund, held in trust for the benefit of Local 17 members.  With respect thereto, defendant Ultimate stands in a fiduciary relationship with Local 17 members and with plaintiffs as representatives of such beneficiaries, and owes a fiduciary duty to account for the trust funds and to pay in a timely fashion the benefits contributions and wage supplements described above.

24.     By letter dated July 2, 2008 plaintiffs demanded that defendant Ultimate provide a verified statement of account pursuant to Article 3-A of the Lien Law. Michael Wolf, on behalf of defendant Ultimate, acknowledged receipt of the demand and refused to comply.  Defendant Zev Wolf also acknowledged receipt of the demand but has also refused to comply.

25.     Defendants Michael Wolf and Zev Wolf, as shareholders, officers and directors of Ultimate, and who otherwise exercise complete dominion and control over its affairs of assets, are responsible for Ultimate's compliance with Lien Law Article 3-A and are liable for Ultimate's violations of the statute.

26.     Upon information and belief, Defendants Ultimate, Michael Wolf and Zev Wolf have intentionally and in bad faith refused to account for said trust funds and to make said contributions and wage supplement payments, thereby breaching their fiduciary duty to the plaintiffs and plaintiff

6

Local 17 members; and have exhibited a repeated and systemic pattern and practice of shifting assets between themselves, defendant Ultimate, and other companies owned by them to avoid paying their legal obligations, debts, and judgments, and to frustrate their creditors' rights.

27.   Defendants, upon information and belief, intentionally diverted or misappropriated said trust funds and have applied such funds to non-trust fund purposes, including the purchase of real property for their personal use, in violation of Sections 72 and 77 of the Lien Law.

28.   As a result thereof, each defendant is liable to the plaintiffs in an amount no less than $80,293.76; and such additional amounts as may be determined at trial.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT MICHAEL WOLF AND ZEV WOLF AS ALTER EGOS OF ULTIMATE

29.   Plaintiffs repeat and reallege their allegations in paragraphs "1" through "28" above as though set forth fully herein.

30.   Defendant Michael Wolf is a shareholder, director, and officer of defendant Ultimate, and as such, makes business decisions for the company, executes contracts on behalf of the company, and with his father Zev Wolf maintains control over the financial affairs and assets of the company.

31.   Defendant Zev Wolf is a shareholder, director, and officer of defendant Ultimate, and as such, makes business decisions for the company, executes contracts on behalf of the company, and with his son Michael Wolf maintains control over the financial affairs and assets of the company.

32.   Defendant Michael Wolf signed the collective bargaining agreement with Local 17 on October 17, 2006 on behalf of the defendant Ultimate with the intent to deceive Local 17 and to induce plaintiff Local 17 to furnish laborers to defendant Ultimate for which he had no intention to pay the benefits contributions and wage supplements he knew were required under the agreement.

7

Instead, defendant Michael Wolf, with the knowledge and approval of his father Zev Wolf, signed the collective bargaining agreement with the intent to divert defendant Ultimate's funds and assets to themselves and other companies owned by them for personal gain, and with the intent to neglect payment of benefits contributions and wage supplements contractually due to plaintiffs. Defendants Michael and Zev Wolf failed to disclose that they had no intention to pay the benefits contributions and wage supplements owed. In fact, none of the defendants ever made a single payment of any benefit contributions or wage supplements to plaintiff Funds for the laborers Local 17 provided and defendants employed.

33.    Defendants Michael and Zev Wolf's deliberate suppression of their true intent to not pay, which was a material omission, was intended to induce Local 17 to enter into the collective bargaining agreement and furnish plaintiff Local 17 members to defendant, and in fact induced Local 17 to do so. Defendants' execution of the collective bargaining agreement was in itself a representation that their company promised to abide by its terms and remit the required payments.

34.    As a result of defendant Michael and Zev Wolf's fraudulent representations and omissions, Local 17 entered into the collective bargaining agreement and provided laborers to the defendants, and consequently, the Funds have incurred actuarial liability to laborers employed by defendants.

35.    Had Local 17 known the defendants' true intent, Local 17 would not have entered into the collective bargaining agreement and would not have provided laborers to the defendants, and therefore, the Funds would not have incurred actuarial liability to laborers employed by defendants.

36.    Defendants Michael Wolf and Zev Wolf directly and indirectly dominated and controlled the affairs and business of defendant Ultimate, and made all material decisions relative

8

thereto, and engaged in said fraudulent conduct with plaintiff Local 17 personally.  Defendants

Michael and Zev Wolf failed to maintain and preserve proper corporate books of account and

records, failed to follow proper corporate procedures, misappropriated trust funds for personal use,

failed to comply with New York State Labor Law, federal ERISA law, and the trust fund portion of

the state Lien Law, and abused the corporate privileges of the company for their own illicit, personal

benefit.

37.     Defendants Michael Wolf and Zev Wolf at all relevant times herein have acted as the

alter egos of their company Ultimate, entitling plaintiffs to pierce the corporate veil and recover

judgment against Michael Wolf and Zev Wolf personally in their individual capacity.

38.     Accordingly, plaintiffs request a judgment piercing the corporate veil of defendant

Ultimate and declaring defendants Michael Wolf and Zev Wolf to be the alter egos of defendant

Ultimate, and as such, jointly and severally liable with defendant Ultimate to the plaintiffs in an

amount no less than $84,506.61; and such additional amounts as may be determined at trial.

WHEREFORE, plaintiff-trustees respectfully demand judgment against each defendant as set

forth above in the principal amount of $84,506.61, together with interest thereon at the rate of six

percent (6%) per annum compounded, and attorneys fees; and such other relief as the Court deems

proper.

Dated: November 17, 2008          Rider, Weiner & Frankel, P.C.
       New Windsor, NY            Attorneys for Plaintiffs
                                  655 Little Britain Road
                                  New Windsor, NY 12553
                                  (845)562-9100

                                  By: _____
                                      Michael J. Matsler (MM8139)

9